[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties' marriage was dissolved on September 30, 1994. By agreement of the parties, the issues involving financial matters were reserved for a future hearing. The hearing was held commencing on November 23, 1994, and concluding on November 28, 1994.
The court has considered the criteria set forth in Connecticut General Statutes, Sections 46b-81, 46b-82 and 46b-84
CT Page 12733 in reaching the decisions reflected in the orders that follow.
The following may enter:
(1) No periodic alimony is awarded to either party. This decision is based on a consideration of the ages of the parties, the cause of the breakdown of the marriage, and the allocation of the responsibility for the payment of debts, hereinafter ordered.
(2) The defendant's obligation to pay child support shall commence when he obtains employment. The defendant shall notify the plaintiff as soon as the defendant starts working. Commencing January 31, 1995, the defendant shall furnish plaintiff's counsel with a list of job applications filed by the defendant during the previous month, and the defendant shall continue this procedure until he finds employment.
(3) When the defendant finds employment, he shall furnish medical insurance for the minor children, and the parties will be responsible to share equally all unreimbursed medical expenses.
In accordance with the stipulation of the parties, the orders set forth herein in reference to periodic alimony, child support and the defendant's obligation to supply medical insurance shall be retroactive to October 17, 1994.
(4) The parties dispute the interpretation of the orders previously entered concerning modification of pendente lite alimony and child support awards.
After consulting with the court (Ryan, J.) that entered the previous orders, counsel for the parties have submitted their claims as to any arrearages due.
After reviewing the claims, this court enters the following orders based on the instructions to counsel by Judge Ryan.
A. The court made the following calculations to determine the unallocated alimony and child support arrears:
1. Total unallocated alimony and child support due for January 21, 1994 through October 17, 1994 = 38 weeks, 4 days
 38 x $ 493 = $18,734 4 x $ 70 = $ 280 CT Page 12734 _______ $19,014.00
2. Credits for:
 a. Payments 1/21/94 — 2/27/94 5 weeks, 2 days
 5 x $ 493 = $ 2,465 2 x $ 70 = $ 140 _______ $ 2,605
Plaintiff acknowledged receiving $ 2,622.00
b. Non payment of Rent
It would be inequitable to allow credit for non payment of rent by the plaintiff for the entire period involved when the defendant's failure to pay support contributed to the plaintiff's inability to pay rent. Under the parameters set by Judge Ryan, that is, the pendente lite order would accrue, some responsibility for the rent obligation should be shared by the defendant.
Therefore, in an attempt to balance the equities, the court will allow a credit for one-half of the rent obligation.
1/2 x $ 300/week x 38 weeks = $ 5,700.00
c. Medical insurance premiums paid by defendant
5/1/94 — 8/31/94
4 months x $ 665 = $ 2,660.00
d. Social Security disability payments received by the plaintiff
1/21/94 — 10/16/94
38 weeks x $ 66.23 = $ 2,516.74
 4 days x $ 9.50 = $ 38. _____________ $ 2,554,74 CT Page 12735 To summarize, Due $19,014.00
 less Credits $ 2,622.00 $ 5,700.00 $ 2,660.00 $ 2,554.00
 $13,536.00 __________
The court finds the arrearage to be $ 5,478.00
B. No orders are entered at this time as to payments. Plaintiff may request an order once the defendant is gainfully employed.
(5) The personal property of the parties shall be divided in accordance with the Family Services Report recommendation entered as Exhibit #1.
The defendant shall make available for the plaintiff the family photographs in his possession for the defendant to copy or the defendant shall provide the plaintiff with the copies, at the defendant's option.
(6) All proceeds of the plaintiff's pending personal injury action are awarded to the plaintiff.
(7) The defendant shall be solely responsible for the payment of all the liabilities listed on his financial affidavit dated November 23, 1994, and indemnify and hold harmless the plaintiff from any liability thereon.
(8) Each party shall be responsible for the payment of one-half of the fees of Mary Caruso, attorney for the minor children. The total fees, according to the plaintiff's financial affidavit are $8,700.
(9) Except for the fees owed attorney Mary Caruso, the plaintiff shall be solely responsible for the payment of the liabilities listed on her financial affidavit, dated November 23, 1994, and indemnify and hold harmless the defendant from any liability hereon.
(10) The defendant may claim the dependency exemption for the CT Page 12736 minor children in any calendar year in which he pays court ordered child support payments for at least seven months.
(11) Except as provided herein, each party shall retain all other assets shown on his or her respective financial affidavit, free from any claim of the other party.
Judgment may enter accordingly.
NOVACK, J.